## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JUSTIN CARROLL, ET AL**                    **CIVIL ACTION**

**VERSUS**                                   **NO: 16-2589**
                                             **c/w 16-3760**

**AMERICAN EMPIRE SURPLUS**                  **SECTION: "H"(5)**
**LINES INSURANCE CO., ET AL**

## ORDER AND REASONS

Before the Court are four motions to compel arbitration: Airbnb's Motion to Compel Arbitration of Claims Asserted Against It in the Third Party Complaint (Doc. 71); Airbnb's Motion to Compel Arbitration of Claims Asserted by Plaintiffs (Doc. 72); United Specialty's Motion to Compel Arbitration with Respect to Third-Party Claim (Doc. 81); and United Specialty's Motion to Compel Arbitration and Stay Proceedings with Respect to Plaintiff's Claims (Doc. 83). These motions are disposed of as outlined herein.

## BACKGROUND

Plaintiffs in this consolidated action rented an apartment at 1423 Royal Street in New Orleans from Defendants Mark Hamilton and Lynn Schwarzhoff

1

through the website Airbnb.  On April 10, 2015, the stairs to the apartment collapsed as Plaintiffs were using them, causing them to fall approximately 10 feet.  Plaintiffs seek damages for injuries sustained in this accident.  Defendant American Empire is the general liability insurer of Schwarzhoff and Hamilton.

Plaintiff Justin Carroll and his wife Keren Rosenblum (the "Carroll Plaintiffs") filed the lead action in this matter on March 30, 2016 (the "Carroll Action").  Separately, on April 8, 2016, Plaintiff Andrew Callard filed suit arising out of the same incident in Louisiana state court (the "Callard Action"). That action was removed to this Court on April 27, 2016 and consolidated with the Carroll Action on May 31, 2016.

All Plaintiffs have filed suit against Schwarzhoff, Hamilton, and American Empire.  The Carroll Plaintiffs have additionally filed suit against Airbnb and its insurer, United Specialty Insurance Company ("United Speciality").

Additionally, Schwarzhoff, Hamilton, and their insurer American Empire have filed a third party complaint against United Specialty and Airbnb.  They allege that Airbnb agreed to provide "primary, non-contributory insurance coverage for accidents that occur at an insured location."  They aver that this coverage was underwritten by United Specialty.  Accordingly, they allege that United owes them defense and indemnity for this suit as covered "hosts" under this policy.  In the alternative, if such coverage is not provided, they bring a claim against Airbnb for breach of contract or negligence as a result of its failure to provide insurance coverage.

Defendants United Specialty and Airbnb have filed various motions seeking to compel arbitration of the claims asserted against them in this matter.  Plaintiffs and Third-Party Plaintiffs respond in opposition.

## LEGAL STANDARD

The issue before the Court is whether Plaintiffs' claims are subject to arbitration. The inquiry is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which broadly applies to any written provision in "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction."[1]

A two-step analysis governs whether parties should be compelled to arbitrate a dispute.[2]  The Court must first determine whether the parties agreed to arbitrate the dispute.[3]  This determination involves two separate inquiries: (1) whether there is a valid agreement to arbitrate between the parties, and, if so, (2) whether the dispute in question falls within the scope of that agreement.[4]  If the Court finds the parties agreed to arbitrate, it must then proceed to the second step of the analysis and consider whether any federal statute or policy renders the claims non-arbitratable.[5]  Where all the claims presented in a case are subject to arbitration, the district court may dismiss the case.[6]

---

[1] *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

[2] *JP Morgan Chase & Co. v. Conegie ex rel. Lee*, 492 F.3d 596, 598 (5th Cir. 2007).

[3] *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004).

[4] *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008).

[5] *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002).

[6] *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."); *see Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 311 (5th Cir. 2003) (stating that failure to dismiss under those circumstances is not an abuse of discretion).

## LAW AND ANALYSIS

## I. Doc. 71- Airbnb's Motion to Compel Arbitration of Claims Asserted Against It in the Third Party Complaint.

In the first Motion, Airbnb asks the Court to compel arbitration of the claims asserted by Schwarzhoff, Hamilton, and American Empire in the Third-Party Complaint. Airbnb alleges that Schwarzhoff, in creating an account on Airbnb's website, agreed to its Terms of Service. These terms include an arbitration provision. Though it appears that Hamilton and American Empire are not parties to an arbitration agreement, Airbnb argues that they should be compelled to arbitrate their claims under a direct-estoppel theory. Third-Party Plaintiffs have not opposed this Motion. Accordingly this Motion is granted. Third-Party Plaintiffs' claims against Airbnb are dismissed, and arbitration is compelled.

## II. Doc. 72- Airbnb's Motion to Compel Arbitration of Claims Asserted by Plaintiffs

Airbnb next seeks to compel arbitration of the claims asserted against it by Plaintiff Andrew Callard. It also seeks a stay of the claims asserted by the Carroll Plaintiffs pending arbitration of Callard's claims. In response, Callard points out that he has not, in fact, asserted claims against Airbnb.[7] This representation was made again at oral argument. As a result, Airbnb concedes that its Motion is moot. Accordingly, this Motion is denied.

---

[7] Though he attempted to file an amended complaint adding claims against Airbnb and United Specialty, this filing was marked deficient and the deficiency was never corrected. Accordingly, it has been stricken from the record.

4

### III. Doc. 81- United Specialty's Motion to Compel Arbitration with Respect to Third-Party Claim

In this Motion, United Specialty argues that if the third-party claims asserted against Airbnb are sent to arbitration, the third-party claims against it should likewise be sent to arbitration.  United Specialty cannot, however, point to any arbitration agreement between it and the Third-Party Plaintiffs. Indeed, the Third-Party Plaintiffs' claims against United Specialty are based on the fact that "hosts" are named insureds in its policy.  Third-Party Plaintiffs allege that they are therefore owed coverage, defense, and indemnity relative to the claims asserted against them by Plaintiffs.  Importantly, this liability is not premised on any liability of Airbnb, but rather the Third-Party Plaintiffs' alleged status as insureds under United Specialty's policy.  Accordingly, this Motion is denied.

### IV. Doc. 83- United Specialty's Motion to Compel Arbitration and Stay Proceedings with Respect to Plaintiff's Claims

This Motion is an adoption of Airbnb's Motion (Doc. 72).  As noted above, that Motion has been rendered moot. Accordingly, this Motion is denied.

### CONCLUSION

For the forgoing reasons, Airbnb's Motion to Compel Arbitration of Claims Asserted Against It in the Third-Party Complaint (Doc. 71) is **GRANTED**, and Airbnb's Motion to Compel Arbitration of Claims Asserted by Plaintiffs (Doc. 72); United Specialty's Motion to Compel Arbitration with Respect to Third-Party Claim (Doc. 81); and United Specialty's Motion to Compel Arbitration and Stay Proceedings with Respect to Plaintiff's Claims

(Doc. 83) are **DENIED**.  Arbitration is **COMPELLED** with respect to the claims asserted against Airbnb by Schwarzhoff, Hamilton, and American Empire.  All other claims survive.

      **IT IS FURTHER ORDERED** that a status conference is **SET** in this matter on February 15, 2017 at 11:00 a.m.

      New Orleans, Louisiana this 10th day of February, 2017.

 

 

                               _____
                               **JANE TRICHE MILAZZO**
                               **UNITED STATES DISTRICT JUDGE**